Weldon, J.,
delivered the opinion of the court:
The claimant on the 4th day of May, 1893, entered into a contract with the defendants to build certain buildings at Fort Ethan Allen, as shown by Exhibit A, attached to the petition and made with certain specifications a part of such contract. The aggregate of the work amounted to the sum of $99,600, all of which was duly paid, and this suit was brought for the purpose of recovering .for certain additional work and difference in the value of work as provided by the specifications and the work required by the officers in charge in the execution of the agreement.
The first item is for plastering girders and removing such plaster, for which is claimed the sum of $119.20. It is shown by the findings that the claimant was ordered by the officer in charge to fur, lath, and plaster such girders, against his protest; that he was then required to remove such plaster and then case the same with wood, that being the requirement of the specifications.
The cost of plastering the girders amounted to the sum of $179.20, as shown by the findings. For this amount the claimant is entitled to recover, as shown in the conclusions of law.
The next item, as shown in finding h, is a claim for $410 for plastering two rooms in the rear of the attic. The plan for those two rooms in the rear attic is marked “ Lumber-rooms, unfinished,” in the plans, but the officer in charge, *450 against the protest of the claimant, ordered and required him to lath and plaster the same, which was reasonably worth the sum of $410. For that amount the claimant is entitled to recover, as shown in the conclusions of law.
The petitioner makes a further claim of $285.20 for being compelled to tint the walls of certain rooms in the building. It is shown by the findings that to dry the planter, by. order of the quartermaster and as required by section 10 of the specifications, it was necessary to use plasterer’s charcoal furnaces, but an improper use of the same discolored the walls so that it became necessary, in-order that they be of the normal whiteness, to tint them, and for that the claimant demands the sum of $235.20, which is shown to be a reasonable price. No allowance is made for this.
The fourth item in the claim of the plaintiff is the sum of $50 for a change of sewer. The finding as to that part of the claim shows that the sewer was built in the only place it could be built in order to make it effectual, and that no change was made in the location of the sewer by order of the ofiicer in charge. No allowance is made for this item.
The fifth finding relates to the claim for the use of a higher grade of mortar used in laying the brick in the cavalry stables. It was conceded that the specifications did not require the kind of mortar used and the claimant refused to use the colored cement mortar until he was ordered in writing to do so. The difference in cost of laying the bride in the ordinary mortar and the mortar used by order of the officer in charge was the sum of $476. For this an allowance is made of $476.
No allowance is made for the claim of the difference between the price of vitrified brick and the West Virginia brick used by order of the quartermaster. It is not shown that the claimant protested to the change of the character of the brick used.
Fixtures in stables are allowed to the extent of $151.20, in changing the character of the fastenings. No allowance is made for the rings, as they were necessary in any form of fixtures.
Item 6, marble trimmings in lieu of cut stone. The specifications required cut stone, and much discussion was had *451 in the trial of the cause as to whether such marble as was required by the quartermaster and used by the claimant came within the purview of the specifications. Upon that question the witnesses disagreed, but it is not necessary that the.court pass upon that question in the disposition of that item of the claim. The contract was performed in the country of the marble quarries, and as a result of that situation marble becomes a common material in the trimmings of houses. The findings on that point say that it is not shown that the cost of the marble used by the claimant by the direction of the quartermaster was in excess of the cost of good sound stone of best quality and even color. No allowance is made for this item.
Upon the completion of the. work the whole amount of the contract was paid to the claimant, and no protest or claim was made that the payment was not sufficient. It is not shown that the items for- which this suit was brought was the subject of discussion or contention in the settlement of the amount due the claimant for the contract work.
The settlement which took place between the parties at the time the last payment was made on the amount of the contract price did not include what is the subject-matter of contention between the parties in this proceeding, and in order that a settlement operate as an estoppel it must be shown that the subject-matter of the subsequent contention was embraced within the purview of the settlement by the express action and contemplation of the parties. The policy of the law is to enforce settlements and thereby prevent litigation, but settlements are not to be inferred or presumed except upon substantial showing of facts indicating that the claim was embraced within the terms of settlement. A mere payment of what is due does not imply a settlement of disputed facts.
A judgment will be entered as shown in the conclusion of law.